# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1629

_____

Carlos Anselmo Lucar Flores; Bertha    *
Canchari Lucar; Karina Rosa Lucar    *
Canchari,    *
   *
         Petitioners,    *
   *    Petition for Review from the
     v.    *    Board of Immigration Appeals.
   *
Alberto Gonzales,    *    [UNPUBLISHED]
   *
         Respondent.    *

_____

Submitted: April 9, 2007
Filed: April 16, 2007

_____

Before MELLOY, BOWMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carlos Anselmo Lucar Flores ("Lucar Flores"), Bertha Canchari Lucar and their daughter, Karina Rosa Lucar Canchari, petition this court for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their requests for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We grant the petition, vacate the BIA's order and remand for further proceedings.

The petitioners are natives and citizens of Peru. On April 9, 1998, they entered the United States as non-immigrant visitors for pleasure with authorization to remain in the United States until October 7, 1998. Lucar Flores and his daughter never departed from the United States, but his wife returned to Peru in October 1998. She then reentered the United States on December 4, 1998, and, although she was required to leave by June 4, 1999, she remained in the United States thereafter. The petitioners acknowledged that they were removable, and they petitioned for asylum, withholding of removal, relief under the CAT, and, alternatively, voluntary departure. The petitioners alleged that they suffered past persecution in Peru because of their political opinions and they fear future persecution and torture if they return.

While in Peru, Lucar Flores owned and maintained a business that sold and delivered kerosene to other businesses in Peru. According to Lucar Flores, Sendero Luminoso ("SL"), a terrorist group seeking to overthrow the Peruvian government, threatened and attacked him and his family on several occasions because of his refusal to collaborate with the SL and his support for the Peruvian government, as demonstrated by his assistance with the rebuilding of government buildings and his monetary donations to hospitals, health centers and orphan centers. Lucar Flores testified that the SL beat him when he refused to support its agenda. The SL then attacked him and took his car to distribute flyers in connection with its agenda. Lucar Flores did not report this incident to the police because the SL threatened to kill him if he did so. Lucar Flores also testified that the SL killed one of his brothers because his brother refused to support the SL's mission, assaulted another brother and shot a third brother. In another incident, the SL broke into Lucar Flores's home and stole money and electronic appliances. Lucar Flores reported this incident to the police, but he did not specify who robbed his house for fear that the SL would harm him and his family. The SL also stole his truck and kerosene before returning the truck without the kerosene. Finally, the SL threatened his mother. These actions forced the petitioners to leave Peru, and they believe that the SL will torture and kill them if they

return. They also claim that police would be unable to protect them from attacks by the SL.

The IJ heard evidence that the leader of the SL had been captured in 1992, the SL was in substantial decline after its leader's capture, and the SL conducted most of its activity in the Peruvian jungle near Ecuador, far from the petitioners home in Lima. The IJ ultimately held that Lucar Flores was not credible because most of his claims of persecution occurred after the leader of the SL was captured and the SL was in "substantial decline"; that the petitioners had not established that they suffered past persecution; and that they had not established a well-founded fear of future persecution or likelihood of torture if returned to Peru. The IJ then denied the petitioners' application and granted the privilege of voluntary departure. The BIA issued a three-page opinion affirming the IJ's holding, without expressly adopting the IJ's reasoning, without adding its own reasoning and without addressing Lucar Flores's credibility.[1]

We review the BIA's determination of an alien's eligibility for asylum or withholding of deportation for substantial evidence. *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 837 (8th Cir. 2004). "[W]e may not overturn the BIA's determination unless the evidence was so compelling that no reasonable fact finder could fail to find the requisite fear or persecution." *Id.* (internal quotation omitted). "Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006). If the BIA adopts the IJ's decision and adds its own reasoning, then we will review both decisions together. *Lengkong v. Gonzales*, 478 F.3d 859, 862 (8th Cir. 2007).

---

[1]The BIA also denied the petitioners' due process argument concerning the trial proceedings, which the petitioners do not appeal to this court.

An alien is eligible for asylum when he is a refugee "who is unwilling or unable to return to his or her home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Celaj v. Gonzales*, 468 F.3d 1094, 1097 (8th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)). The well-founded fear must be both "subjectively genuine and objectively reasonable." *Id.* However, if an alien can demonstrate he suffered past persecution, there is a rebuttable presumption that he would suffer future persecution. *Id.*

The petitioners argue that the IJ and BIA incorrectly determined that they did not suffer past persecution and did not have a well-founded fear of persecution "on account of" their political opinions. Without incorporating the IJ's reasoning or adding any of its own, the BIA merely agreed with the IJ's conclusion that "the record fail[ed] to establish that the Sendero Luminoso was interested in anything more than [Lucar Flores's] business, client contacts, and his possession of a saleable commodity, which the Sendero Luminoso could steal to further their cause . . . [and] the record is devoid of objective evidence providing a nexus between the Sendero Luminoso's interest in the [petitioners] and a protected ground. " BIA Decision at 2. While the IJ based his finding that there was no past persecution or well-founded fear of persecution "on account of" the petitioners' political opinions primarily on his determination that Lucar Flores was not credible, the BIA reached its decision without any reference to the IJ's adverse credibility finding regarding Lucar Flores's testimony. Without the BIA's express adoption of the IJ's credibility finding, as well as the fact that the BIA did not add any of its own reasoning supporting its decision, we are unable to review the IJ's credibility findings. *See Vonhm v. Gonzales*, 454 F.3d 825, 828 n.2 (8th Cir. 2006); *Lengkong*, 478 F.3d at 862.

Since we cannot review the IJ's credibility findings, we review the BIA's decision that the record failed to establish that the SL sought to persecute the

petitioners "on account of" their political opinions. The BIA's statement that the "record is devoid of objective evidence" of the necessary connection to a protected ground suggests that it believed that the petitioners failed to provide evidence corroborating their claim of persecution. However, if the BIA denies a petition because of an absence of corroborative evidence, it must: "(1) rule explicitly on the credibility of [the applicant's] testimony; (2) explain why it was reasonable in this case to expect additional corroboration; or (3) assess the sufficiency of [the applicant's] explanations for the absence of corroborating evidence." *El-Sheikh v. Ashcroft*, 388 F.3d 643, 647 (8th Cir. 2004) (quotation omitted). As already mentioned, the BIA did not rule explicitly on the credibility of Lucar Flores's testimony that the SL persecuted him in part because of his political opinion. *See De Brenner v. Ashcroft*, 388 F.3d 629, 636 (8th Cir. 2004) (stating that an alien can be persecuted because of a protected ground even when the persecution is also motivated by other nonprotected grounds). Also, the BIA neither explained why corroborative evidence was necessary nor assessed whether Lucar Flores provided a sufficient explanation for the lack of corroborative evidence. Without any of the necessary explanation or reasoning, we are unable to review the BIA's actual reasoning. *See El-Sheikh*, 388 F.3d at 648 ("Lacking a BIA finding as to [petitioner's] credibility and an analysis of what material facts central to his claim of past persecution should have reasonably corroborated, we have no way of reviewing the Board's actual reasoning.") (internal quotation omitted); *see also INS v. Ventura*, 537 U.S. 12, 16 (2002) (stating that a court of appeals does not have the power to review de novo an agency's decision and instead must remand a case to the agency when "additional investigation or explanation" is necessary).

Therefore, we grant the petition for review, vacate the BIA's order and remand to the BIA for further proceedings consistent with this opinion. On remand, the BIA should explain clearly its reasoning for its findings and conclusions. Due to our

-5-

decision on the asylum appeal, we also remand the denial of the withholding of removal and the relief under the CAT.

_____